FILED

2011 NOV 14 PM 3:11

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Socorro Zubia<br><br>Plaintiff,<br><br>v.<br><br>Enhanced Recovery Company, LLC<br><br>Defendant. | Case No. 3:11-cv-1119-J-32JBT<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in Las Cruces, NM at all times relevant to this action.

2. Defendant is a Florida limited liability company that maintained its principal place of business in Jacksonville, FL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

1

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to JC Penny, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around May 23, 2011, Plaintiff set up a payment arrangement with Defendant that allowed Defendant to withdraw $25.00 per month from Plaintiff's account.

14. On or around June 1, 2011, Defendant withdrew $648.75 from Plaintiff's account without Plaintiff's authorization.

15. On or around June 1, 2011, Plaintiff telephoned Defendant in response to the withdrawal.

16. During this communication, Plaintiff requested that Defendant refund the excessive amount that Defendant withdrew from Plaintiff's account.

17. During this communication, Defendant refused to honor Plaintiff's request.

18. During this communication, Defendant falsely represented that Plaintiff had previously authorized this withdrawal.

19. During this communication, Defendant falsely represented that they were in possession of a recording wherein Plaintiff authorized the $648.75 withdrawal.

20. Defendant caused Plaintiff emotional distress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

23. In support hereof, Plaintiff incorporates paragraphs 13-19 as if specifically stated herein.

### COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

25. In support hereof, Plaintiff incorporates paragraphs 13-19 as if specifically stated herein.

### JURY DEMAND

26. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

27. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey Bankruptcy Law, LLP

By: *(signature)*

Helene Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 701
Tampa, FL 33618
Telephone: 866-339-1156
Email: hgatto@maceybankruptcylaw.com
Attorneys for Plaintiff